JAMES E. JOHNSON
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

NELSON R. LEESE
*Senior Counsel*
Tel: (646) 983-9682
Fax: (212) 356-3509
nleese@law.nyc.gov



*Handwritten annotation:* There has been no response by plaintiff to defendants' letter motion. Plaintiff shall supply the releases sought in the first paragraph of the April 16, 2021 letter of Mr. Leese (Doc 8) or the action will be dismissed with prejudice. Time to answer or move extended to July 16, 2021. Conference adjourned from July 2 to September 1, 2021 at 2:00 PM in Courtroom 11D. SO ORDERED. /s/ [signature], USDJ 5-6-21

*Stamp:* By MAY 24, 2021

April 16, 2021

**BY ECF**
Honorable P. Kevin Castel
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:   *James Matthews v. The City of New York, et al.,*
           No. 20CV10953 (PKC)

Your Honor:

    I am a Senior Counsel in the Office of James E. Johnson, Corporation Counsel of the City of New York, and the attorney assigned to represent defendant the City of New York ("City") in the above-referenced matter. I write to respectfully request that the Court compel plaintiff to provide the Office of the Corporation Counsel, by April 30, 2021, with properly executed authorizations, specifically: (1) a release pursuant to NY CPL § 160.50 regarding the underlying arrest which plaintiff Matthews claims resulted in his apprehension by the New York City Police Department and detention at Queens Central Booking; and (2) a HIPAA compliant release regarding any medical treatment plaintiff Matthews received during his entire period of detention by the City of New York as well as in connection with his allegation of physical injury from the underlying incident. Also, in light of the delay occasioned by plaintiff failing to provide the requested releases, the City respectfully requests the time to respond to the complaint be extended from the present deadline—May 3, 2021—until sixty (60) days after plaintiff provides all of the above-described executed releases. The undersigned has made several attempts to confer with plaintiff's counsel on this issue in good faith before seeking the Court's intervention; however, to date, plaintiff's counsel has not provided the requested releases and has advised the undersigned that he is unable to make direct contact with his client. The next scheduled conference in this case is before Your Honor on **July 2, 2021 at 2:00 p.m.** (ECF No. 3.)

    **A.**     **Background**

    By way of background, plaintiff James Matthews alleges that his federal civil rights were violated by the City of New York as well as New York City Police Department and Department of Correction members of service while Mr. Matthews was detained at Queens Central Booking and Riker's Island. Specifically, the plaintiff asserts federal claims sounding in

excessive force and denial of adequate medical care. Plaintiff also asserts a claim against the City of New York pursuant to *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

On February 24, 2021, the City moved for, *inter alia*, an enlargement of time to respond to the complaint until May 3, 2021. (ECF No. 6.) In its motion for enlargement, the City noted that one of the reasons for the enlargement of time was so that it could obtain a CPL § 160.50 release and HIPAA compliant releases from plaintiff in order to comply with its Rule 11 obligations to investigate plaintiff's allegations prior to responding to the complaint. (*Id.*) The City indicated that these releases had previously been requested from plaintiff but none had been received. (*Id.*)[1] As noted in that motion, the City conferred with plaintiff's counsel by phone and plaintiff's counsel agreed to provide those items in short order. (*Id.*) On February 24, 2021, the Court granted the City's motion. (ECF No. 7.) The undersigned followed up with plaintiff's counsel by email on March 22, 2021 (again attaching blank copies of the requested releases) and March 31, 2021 requesting a CPL § 160.50 release and HIPAA complaint releases. The undersigned also conferred with plaintiff's counsel by phone on March 30, 2021 on this topic at which time plaintiff's counsel informed the undersigned that he had not had direct contact with his client for some time. On April 1, 2021, plaintiff's counsel emailed the undersigned and stated, in sum and substance, that he had contacted his client's criminal defense attorney in the state of Michigan, but that he had not yet established direct contact with his client. In that email, plaintiff's counsel further stated that he was informed that his client was in the hospital, but that he would obtain releases after his client called him back. On April 13, 2021, the undersigned emailed plaintiff's counsel a draft copy of this letter. Since that time, the undersigned has not received the requested releases from plaintiff's counsel. The City can only interpret these events as an inability to contact the plaintiff to execute the requested releases.

In order to properly investigate plaintiff's claims, this Office needs access to any underlying police records—likely in order to identify John Doe officers—which may be sealed pursuant to CPL § 160.50 since plaintiff claims that officers involved in his apprehension used excessive force against him. (Complaint, ECF No. 1 ¶ 16.) More importantly, however, this Office also needs access to plaintiff's medical treatment records, if any exist, as plaintiff claims he suffered injuries as a result of that alleged force. (*Id.* ¶¶ 16-20.) Moreover, on information and belief, plaintiff's physical condition would have been evaluated by medical personnel on multiple occasions, including but not limited to, as he was received at Queens Central Booking and Rikers Island, as well as throughout his time incarcerated at Rikers Island. (*See id.* at ¶ 20) (alleging Officer Sanchez intervened to get plaintiff medical treatment.)

### B. The Court Should Compel Plaintiffs to Provide the Necessary Releases

As a preliminary matter, in lawsuits against the City of New York that are subject to Local Civil Rule 83.10 ("the PLAN"), plaintiffs are required as a matter of course to provide executed 160.50 releases and HIPAA compliant releases when serving their complaint on the City. *See* Local Civ. R. 83.10(1)(b). Even in non-PLAN cases—such as this one—courts have consistently held that production of a § 160.50 release is not considered discovery, and should be produced prior to defendant's answer, where the plaintiff is challenging their underlying arrest.

---

[1] Blank CPL § 160.50 and HIPAA releases were first sent to plaintiff's counsel by both US Mail and email on or about February 23, 2021.

*See Cabble v. Rollieson*, No. 04 Civ. 9413 (FM), 2006 U.S. Dist. LEXIS 7385, at *24-25 (S.D.N.Y. Feb. 26, 2006) (a request for a 160.50 release is not considered a discovery request, and merely grants the City access to its own records); *see also Green v. Montgomery*, 43 F. Supp. 2d 239, 244 (E.D.N.Y. 1999) (discussing implied waiver of confidentiality). Although the plaintiff is not challenging the legality of his arrest in this lawsuit, the reasons justifying the pre-answer production of a 160.50 release are similar: the plaintiff is raising allegations against a number of John Doe officers and the City related to his detention following arrest. The identification of these individuals and investigation of plaintiff's claims may require access to potentially sealed records. Thus, defendant should have access to any sealed documents, if any, at the inception of the lawsuit and before responding to the complaint. *See e.g., Foti v. City of New York*, No. 09 Civ. 944 (GEL), 2009 U.S. Dist. LEXIS 36533, at *2 (S.D.N.Y. Apr. 30, 2009) (noting "this Court routinely grants orders compelling plaintiff's[sic] to sign [160.50] releases"); *Weir v. City of New York*, No. 05 Civ. 9268 (DFE), 2007 U.S. Dist. LEXIS 98017, at *7-8 (S.D.N.Y. Feb. 16, 2007); *Cabble*, 2006 U.S. Dist. LEXIS 7385, at *28-29. Courts have even granted motions to dismiss where plaintiffs have failed to comply with orders to provide a CPL 160.50 release. *See e.g., Basile v. City of New York*, No. 17 Civ. 9060 (ER), 2019 U.S. Dist. LEXIS 162177, *15-17 (S.D.N.Y. Sept. 19, 2019); *Perez v. City of New York*, No. 02 Civ. 3670 (WK), 2003 U.S. Dist. LEXIS 7063, at *4-5 (S.D.N.Y. Apr. 10, 2003). More importantly on the facts alleged in this case, defendants are entitled to access to plaintiff's medical records when such records are necessary to investigate plaintiffs' claims. For example, plaintiff is alleging that he suffered a number of injuries for which he was not provided timely medical treatment. In order to properly investigate these claims, the City necessarily needs to access plaintiff's medical records throughout his time detained by the City of New York to formulate any kind of considered response. As a result, this Office is entitled to access plaintiff's medical records. *See Guillermo, et al. v. Port Authority of New York and New Jersey, et al.*, Case No. 20-cv-452 (PKC), ECF No. 15.

While the City is aware that it recently moved for an extension of time to respond to the complaint, the City now reluctantly request that the time to respond to the complaint be extended to sixty (60) days after plaintiff provides the above executed releases. The reason for this request is that after these releases are provided to the City, it typically takes *at least* thirty days for this Office to obtain responsive documents from City agencies and/or hospitals. In some cases, it takes longer. Thus, the delay caused by plaintiff in refusing to provide these releases will require additional time for the City to obtain and meaningfully utilize these documents in formulating a response to the complaint in accordance with their Rule 11 obligations.

Accordingly, the City respectfully requests the Court compel plaintiff return fully executed §160.50 and HIPAA compliant releases to this Office by April 30, 2021; and that the time to respond to the complaint be extended to sixty (60) days after such releases are received.

The City defendants thank the Court for its consideration of this request.

Sincerely,

/s/ *Nelson R. Leese*

Nelson R. Leese
Special Federal Litigation Division

cc: All counsel of record (via ECF)