UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
JAMES MATTHEWS,

                Plaintiff,                20-cv-10953 (PKC)

    -against-                         ORDER

THE CITY OF NEW YORK, et al.,

                Defendants.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        The Complaint in this action was filed on December 28, 2020. (Docket # 1.) It asserts that plaintiff James Matthews was unlawfully subjected to excessive force while in the custody of the New York Police Department and the New York City Department of Corrections and was then denied adequate medical care. (Id.) Matthews brings claims against the City of New York, John Doe officers and one named Department of Corrections officer pursuant to 42 U.S.C. § 1983 and Monell v. Department of Social Services of City of New York, 436 U.S. 658 (1978).

        On May 27, 2021, defendants moved to dismiss the case for failure to prosecute pursuant to Rule 41(b), Fed. R. Civ. P. (Docket # 10.) Matthews has not responded to the motion. For the reasons that will be explained, the motion will be granted.

        Local Civil Rule 83.10(1)(a) provides that a plaintiff "must serve" the City with a release under New York Criminal Law section 160.50 "[a]t the same time that plaintiff serves the complaint . . . ." Rule 83.10(1)(b) similarly provides that a plaintiff claiming damages for mental or physical injury "must serve" a medical release "at the same time that plaintiff serves the § 160.50 Release" and that failure to do so "will constitute a waiver of plaintiff's claims for

compensation for that physical or mental injury." Rule 83.10(9) requires prompt written notice in the event that any party fails to comply with any requirement of the Rule.

In a letter-motion of April 16, 2021, defendants made an application for an Order to compel Matthews to execute authorizations for a HIPAA-compliant release regarding medical treatment received while in custody and any claimed injuries, as well as a release under section 160.50. (Docket # 8.) The letter stated that defendants had sent form releases to plaintiff's counsel on February 23, 2021, and that plaintiff's counsel advised defendants that he had been unable to directly contact his client. (Id.) The letter stated that plaintiff's failure to submit the releases had delayed the progress of this action and prevented the defendants from responding to the Complaint. (Id.)

The Court thereafter issued an Order stating in full:

There has been no response by plaintiff to defendants' letter motion. PLAINTIFF SHALL SUPPLY THE RELEASES SOUGHT IN THE FIRST PARAGRAPH OF THE LETTER OF APRIL 16, 2021 OF MR. LEESE (DOC 8) BY MAY 24, 2021 OR THE ACTION WILL BE DISMISSED WITH PREJUDICE. TIME TO ANSWER OR MOVE EXTENDED TO JULY 16, 2021. CONFERENCE ADJOURNED FROM JULY 2 to September 1, 2021 at 2 p.m. in Courtroom 11D.

(Docket # 9.)

Defendants' letter-motion of May 27, 2021 states that, to date, defendants have not received the requested releases. (Docket # 10.) It states that also on May 27, plaintiff's counsel "confirmed that neither he nor his client had transmitted the ordered releases to the undersigned." (Id.) Plaintiff's counsel also stated, "in sum and substance, that he had information that the plaintiff had been 'hospitalized for the last few or several months,' but that he had not communicated with the plaintiff directly." (Id.)

- 2 -

Plaintiff filed no written submission in response to the May 27 letter-motion. There is no suggestion that plaintiff has since provided defendants with the necessary releases, and plaintiff has made no effort to explain to the Court the reasons for his non-compliance.

Rule 41(b) allows a court to dismiss a case with prejudice if 1) the plaintiff's failure to prosecute caused delay of significant duration; 2) plaintiff was given notice that further delay would result in dismissal; 3) defendant was likely to be prejudiced by further delay; 4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and 5) the trial court adequately addressed the efficacy of lesser sanctions.  LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001).  Because "Rule 41(b) dismissal remains a 'harsh remedy to be utilized only in extreme situations,'" LeSane, 239 F.3d at 209 (quoting Theilmann v. Rutland Hospital, Inc., 455 F.2d 853, 855 (2d Cir. 1972) (per curiam)), it is a remedy that should be "employ[ed] only when [the district court] is sure of the impotence of lesser sanctions."  Thrall v. Cent. N.Y. Reg'l Transp. Auth., 399 Fed. App'x 663, 666 (2d Cir. 2010) (quoting Martens v. Thomann, 273 F.3d 159, 179 (2d Cir. 2001)) (alterations in original).

As to the first and third factors, the delay in this case has been significant. Plaintiff filed his complaint more than seven months ago and his failure to submit the necessary releases has impaired the defendants' ability to defend the claim.  The prejudice to defendants would continue unless and until plaintiff completed this simple and straightforward task. Moreover, plaintiff has not attempted to offer any explanation for his failure to execute the releases.  These factors weigh in favor of dismissal

On the second and fifth factors, plaintiff was expressly placed on notice that his failure to execute the releases would result in dismissal of this action with prejudice.  The notice

- 4 -

was in solid capital letters and was tailored to the case. It was not merely a technical notice. Because plaintiff has not cured or explained his inaction, even after being warned of the possibility of dismissal, the Court concludes that lesser sanctions would not be efficacious. These factors weigh in favor of dismissal.

On the fourth factor, the delay is unlikely to result in significant congestion to the Court's calendar. While plaintiff's failure to complete the modest tasks of executing the releases or opposing defendants' motion reflects a lack of interest in pursuing his claims, this factor tips only slightly in favor of dismissal.

Because the plaintiff's inaction has substantially delayed the case and continues to prejudice defendants, dismissal is warranted. Plaintiff was expressly placed on notice that "THE ACTION WILL BE DISMISSED WITH PREJUDICE" and the Court concludes that lesser sanctions would not be efficacious.

Defendants' motion to dismiss for failure to prosecute is therefore GRANTED. (Docket # 10.) The Clerk is directed to enter judgment for the defendants and to close the case.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
       August 12, 2021